Case 1:20-cv-00187-PAE-SLC   Document 1-3   Filed 01/09/20   Page 22 of 26

# SR 189

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.

8564      The People of the State of New York,          Ind. 3654/16
                          Respondent,

                  -against-

          George Fay,
              Defendant-Appellant.
          _____

Brafman & Associates, P.C., New York (Mark M. Baker of counsel),
for appellant.

Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein
of counsel), for respondent.
          _____

    Judgment, Supreme Court, New York County (Melissa C.

Jackson, J.), rendered April 17, 2018, convicting defendant,

after a jury trial, of rape in the first degree, criminal sexual

act in the first degree and sexual abuse in the first degree, and

sentencing him to an aggregate term of 10 years, unanimously

affirmed.

    The verdict was supported by legally sufficient evidence and

was not against the weight of the evidence (see People v

Danielson, 9 NY3d 342, 348 [2007]. The evidence established that

defendant got into a bed in his apartment, already occupied by

the victim and by the victim's sex partner, who was defendant's

friend. Defendant then had oral and vaginal sex with the victim,

who had never seen defendant before she awoke, while the victim

Case 1:20-cv-00187-PAE-SLC   Document 1-3   Filed 01/09/20   Page 23 of 26

# SR 190

was incapable of consent as a result of being physically
helpless.  There is no basis for disturbing the jury's
credibility determinations.  The record fails to support
defendant's assertion that this case does not present a true
credibility contest.  Defendant posits a theory that, while in a
semiconscious state resulting from intoxication and fatigue, the
victim mistook defendant for the other man, who was her sex
partner, and unwittingly engaged in consensual sex with him,
whereas defendant, in a similar state, mistakenly assumed that
the victim knew who he was and was knowingly consenting to sex
with him.  However, this theory was both implausible and was
contradicted by the victim's testimony, as well as by defendant's
own testimony, in which he asserted that the victim was conscious
enough to give express verbal consent several times.

In addition, we reject defendant's claim that there was
insufficient evidence of oral sex to support the charge of
criminal sexual act.  The evidence supports a reasonable
inference that defendant engaged in both oral and vaginal sex
with the victim while she was physically helpless; in any event,
in his own testimony (see People v Kirkpatrick, 32 NY2d 17, 21
[1973], appeal dismissed 414 US 948 [1973]) defendant admitted
having oral sex.

2

Case 1:20-cv-00187-PAE-SLC   Document 1-3   Filed 01/09/20   Page 24 of 26

# SR 191

The court providently exercised its discretion in denying
defendant's request, made late in the trial, to call an expert on
sleep disorders, who would have testified about the effects of
alcohol on sleep and behavior, including that consumption of
alcohol can cause persons to engage unconsciously in physical
activity while appearing to be awake, and to wake up unaware of
the activity.  To the extent the record establishes that the
People had any advance notice of the content of this testimony,
that notice was inadequate under the circumstances.  This request
would have required a lengthy midtrial continuance for a *Frye*
hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]) and
for the People to obtain their own expert.  Accordingly, the
untimeliness of the request by itself thus warranted denial (*see
Matter of Anthony M.*, 63 NY2d 270, 283-84 [1984]).

In any event, defendant failed to offer any scientific basis
for the proposed testimony (*see generally People v Bennett*, 79
NY2d 464, 473 [1992]).  Defendant did not preserve his contention
that *Frye* is inapplicable because he only sought to introduce his
expert's opinions based on personal experience, rather than
explanation of a scientific theory, and we decline to review it
in the interest of justice.  As an alternative holding, we find
that there is no evidence that the proposed expert had any

3

Case 1:20-cv-00187-PAE-SLC   Document 1-3   Filed 01/09/20   Page 25 of 26

# SR 192

experience with the proffered theory.

Because defendant never asserted that, as a matter of constitutional law, he was entitled to introduce the expert testimony, his request to do so only raised questions of state evidentiary law and trial management (*see People v Lane*, 7 NY3d 888, 889 [2006]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]).  We likewise decline to review defendant's unpreserved constitutional claim in the interest of justice.  As an alternative holding, we reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court also providently exercised its discretion when it permitted the People to ask defendant, on cross-examination, about phone calls made about an hour prior to the incident from his cell phone to phone numbers for prostitution services. Defendant's testimony opened the door to this evidence by raising an issue about whether he was seeking a sexual encounter at the time of the events in question (*see People v Fardan*, 82 NY2d 638, 646 [1993]).  Although, earlier in the proceedings, the court mentioned a different way in which defendant might open the door to this evidence, the court, which had not heard defendant's testimony, never intimated that this was the exclusive form of door-opening that might occur.

4

Case 1:20-cv-00187-PAE-SLC   Document 1-3   Filed 01/09/20   Page 26 of 26

# SR 193

The trial court's remaining evidentiary rulings, pertaining to preclusion of hearsay statements, were likewise provident exercises of discretion, and they did not deprive defendant of any constitutional right.  Defendant was not prevented from eliciting, in the proper manner, any prior inconsistent statements made by the victim.

We perceive no basis for reducing the sentence.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:   MARCH 5, 2019

CLERK

5

# SR 264

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on July 16, 2019.

PRESENT:   Hon. Rolando T. Acosta,           Presiding Justice,
           Rosalyn H. Richter
           Sallie Manzanet-Daniels
           Peter Tom
           Peter H. Moulton,                 Justices.

--------------------------------------------X
The People of the State of New York,
                    Respondent,

                                             **Confidential**
          -against-                             M-1843
                                             Ind. No. 3654/16
George Fay,
     Defendant-Appellant.
--------------------------------------------X

Defendant-appellant having moved for reargument of the
decision and order of this Court, entered on March 5, 2019
(Appeal No. 8564),

Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

It is ordered that the motion is denied.

                    ENTERED:

                                             CLERK

# SR 310

# State of New York
# Court of Appeals

BEFORE:  HON. MICHAEL J. GARCIA
Associate Judge

---

THE PEOPLE OF THE STATE OF NEW YORK,

                                           Respondent,

     -against-

GEORGE FAY,

                                           Appellant.

**ORDER
DENYING
LEAVE**

---

     Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure

Law § 460.20 from an order in the above-captioned case;*

     UPON the papers filed and due deliberation, it is

     ORDERED that the application is denied.

Dated: August 20, 2019

     at Albany, New York

                                        Associate Judge

*Description of Order:  Order of the Appellate Division, First Department, entered March 5, 2019, affirming a judgment of Supreme Court, New York County, rendered April 17, 2018.