# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN

DAVID S. KEENAN
(OF COUNSEL)

THELONIOUS COLEMAN
(PARALEGAL)

May 22, 2023

**Via ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
New York, New York 10007

    Re:    *Fay v. Annucci*, No. 20-cv-00187 (PAE) (SLC)

Dear Judge Engelmayer:

    I am newly retained counsel for George Fay. Per the Court's order of May 8, *see* Doc. 45, I write to seek (1) leave to amend Fay's habeas corpus petition to add a claim that his trial lawyer was ineffective, and (2) an order staying the petition while Fay exhausts that claim in state court.

**1.**    **Relevant factual and procedural background**

    This case arises from SD's allegation that Fay raped her while she slept. The night of July 8, 2016, Fay was drinking with friends at a bar. After midnight, his friend Jack Slye left with SD, who also had been drinking heavily. Slye and SD went to Fay's apartment, had sex in Fay's bed, and feel asleep. Fay later returned to the apartment. Wanting to sleep in his own bed, he climbed in with Slye and SD and fell asleep. Fay testified that he was awoken by SD initiating sex. However, during intercourse, Fay testified, SD's demeanor suddenly changed, and she told Fay to leave. SD, for her part, testified that after falling asleep with Slye, she "fe[lt] something put in [her] mouth" and "thought [she] was dreaming," but then fully awoke and "realized it wasn't a dream" when she felt Fay having intercourse with her.

    Before trial, the defense said it would call Dr. Michael Thorpy to discuss the "[e]ffects on sleep [of] alcohol" but made no further proffer and requested no *Frye* hearing. At the end of trial, counsel sought to have Dr. Thorpy testify that alcohol can cause a sleeping person to engage in "physical activities" while "appear[ing] to be awake and conscious." The prosecutor objected that she had no notice of this theory. Meanwhile, counsel provided the court with no report, scientific literature, or case law to support his application. The court precluded the testimony because of the late notice, which had prevented a timely *Frye* hearing. The defense was left with the difficult summation argument that SD had knowingly had sex with Fay but immediately regretted it, falsely accused him of rape, and thus lied on the stand. Fay was convicted.

    Fay retained new appellate counsel. The Appellate Division denied Fay's direct appeal, holding that the trial court properly denied the expert proffer due to its tardiness and counsel's failure to show "any scientific basis" for the proffer. *People v. Fay*, 170 A.D.3d 404, 405 (1st

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Paul A. Engelmayer
May 22, 2023
Page 2

Dep't 2019). The court found unpreserved Fay's claim that this denial violated his Sixth Amendment right to present a defense. *Id.* at 406. Appellate counsel then filed the present petition, arguing that precluding the expert testimony violated the Sixth Amendment. Doc. 1 at ECF pp. 49-50. On February 14, 2023, Magistrate Judge Cave recommended denying the petition. She concluded that trial counsel's failure to preserve the Sixth Amendment claim rendered it procedurally defaulted and, in any case, Fay could not establish, under AEDPA's demanding standard, either (1) that trial counsel's meager, tardy proffer was wrongly rejected or (2) that Dr. Thorpy's proposed testimony—which is not in the record in any detail because of the deficient proffer—would have changed the trial's outcome. Doc. 31 at 26-48.

Recognizing his own strategy was under question, appellate counsel urged Fay to retain my firm. My colleague Jacob Loup then spoke with Dr. Thorpy and trial counsel. Thorpy recalled he spoke briefly with trial counsel but never was retained and wasn't asked to review materials or testify—even though trial counsel told Fay that Thorpy's evidence was critical. Trial counsel had no reasonable explanation for his conduct. Thorpy also said he never spoke with appellate counsel. Thorpy told Mr. Loup that "sexsomnia" could explain SD's appearing to be awake during the encounter with Fay, even if she was asleep, and her use of alcohol made this more likely. The 2013 *DSM-5* recognizes "sexsomnia or sleep sex" as "sexual activity . . . arising from sleep without conscious awareness," *DSM-5* at 399, https://perma.cc/3N3W-U45N, and alcohol is a "[t]rigger" for sexsomnia, Brian J. Holoyda, et al., *Forensic Evaluation of Sexsomnia*, J. Am. Acad. Psychiatry Law, 2021, at 2, https://perma.cc/PBC9-6QF6.

**2.    This Court should grant leave to amend the petition and then stay it**

A court may stay a "mixed" habeas petition if "(1) good cause exists for the petitioner's failure to exhaust . . . ; (2) the unexhausted claims are not plainly meritless[;] and (3) the petitioner has not engaged in intentionally dilatory tactics." *Inoa v. Smith*, No. 16CV2708, 2018 WL 4109102, at *1 (S.D.N.Y. Aug. 29, 2018) (Cott, M.J.) (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)). "Good cause" is shown where "post-conviction counsel" unreasonably failed to exhaust the claims. *Wallace v. Artus*, No. 05 CIV. 0567, 2006 WL 738154, at *4 (S.D.N.Y. Mar. 23, 2006) (Francis, M.J.); *accord, e.g.*, *Ramchair v. Conway*, No. 04 CV 4241, 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005) (Gleeson, J.) (finding good cause where appellate counsel omitted claim on appeal, because "there [wa]s no reason to expect Ramchair to understand" counsel should have raised the issue); *Rhines v. Weber*, 408 F. Supp. 2d 844, 848-49 (D.S.D. 2005). Where an unexhausted claim is not yet raised in the petition, the petitioner may bring a *Rhines* stay application "with a simultaneous motion to amend." *Simmons v. Sheahan*, No. 14 CIV. 3998, 2015 WL 5146149, at *4 (S.D.N.Y. Aug. 31, 2015) (McCarthy, M.J.).

This Court should let Fay add to his petition a claim that trial counsel was ineffective for failing to timely seek to admit Dr. Thorpy's testimony, to present evidence of the general acceptance of sexsomnia and alcohol's role in that phenomenon, and to show why the testimony was necessary to Fay's defense. While the one-year habeas deadline has run, this claim relates back to the original claim because they share "a common core of operative facts." *Tineo-Santos v. Piccolo*, No. 19CV5038, 2021 WL 266561, at *3 (S.D.N.Y. Jan. 27, 2021) (Cott, M.J.)

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Paul A. Engelmayer
May 22, 2023
Page 3

(quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)); *see Nickels v. Conway*, No. 10-CV-0413, 2013 WL 4403922, at *3 (W.D.N.Y. Aug. 15, 2013) (ineffectiveness claim based on same subject matter as original claim related back).

      Fay also satisfies the *Rhines* factors for a stay. Respondent concedes that the third factor favors Fay, as he has not been "deliberately dilatory." Doc. 40 at 4. The second factor favors Fay because his unexhausted *Strickland* claim is not "plainly meritless." Had trial counsel made a timely and adequate proffer, the court likely would have allowed the testimony under New York law or the Sixth Amendment right to present a defense. Sexsomnia appears in the 2013 *DSM-5*, "signal[ing] its general acceptance" under *Frye*. *In re State of New York v. Jerome A.*, 172 A.D.3d 446, 447 (1st Dep't 2019). Such testimony had been admitted in several criminal proceedings before Fay's trial. *See, e.g.*, Douglas N. Peters & Robert G. Rubin, *How We Handled a Sexsomnia Case*, The Champion, April 2013 (accessible on Westlaw at 37-APR Champion 18); *People v. Hurtado*, No. B228634, 2012 WL 827066, at *2 (Cal. Ct. App. Mar. 13, 2012); *United States v. Clugston*, No. 201500326, 2017 WL 411118, at *6 (N-M. Ct. Crim. App. Jan. 31, 2017). Counsel's failure was prejudicial. Dr. Thorpy's testimony likely would have led to a better trial outcome, as it explained both SD's testimony that she didn't consciously consent and Fay's testimony that she appeared awake and consenting. Judge Cave's conclusion, under AEDPA's strict standard, that Dr. Thorpy wouldn't have made a difference was based on the plainly inadequate record resulting from trial counsel's deficient proffer, which provided no evidence about sexsomnia or argument about how such evidence supported Fay's defense.

      Finally, Fay's original appellate counsel's failure to litigate the proposed ineffectiveness claim in state court makes out good cause under *Rhines*, because it was an objectively unreasonable omission. The need to raise this claim before coming to federal court was (and is) manifest. First, it was very likely that a federal court would deem the Sixth Amendment issue defaulted after the Appellate Division found it unpreserved, as Judge Cave has indeed recommended; arguing instead that trial counsel's deficient proffer caused the preclusion of the expert testimony avoids this procedural problem. Second, because trial counsel's proffer was so tardy and lacking in detail, it was (and is) difficult to show that the trial court's denial of the proffer was unreasonable under AEDPA or that it affected the outcome of Fay's trial. Only by expanding the record to show what counsel's proffer *should* have been may Fay establish that the preclusion of Dr. Thorpy's testimony prejudiced him and that his rights were violated. Third, appellate counsel acted unreasonably in deciding not to bring a 440 motion for ineffectiveness without first contacting Dr. Thorpy and learning that trial counsel never even retained Thorpy or prepared him to testify. Had he brought such a motion and made a fuller record, he would have protected Fay from the unfavorable rulings Judge Cave has recommended.

      George Fay gets just one chance to have a federal court review his conviction. While appellate counsel is a veteran attorney whose excellent reputation is deserved, his error in this case has risked forfeiting federal review of a meritorious ineffectiveness claim that goes directly to Fay's innocence. To penalize Fay for his lawyer's error would be a manifest injustice. This Court should (1) grant Fay leave to amend his petition to argue ineffective assistance of trial counsel, and (2) stay the petition while Fay exhausts that claim in state court.

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Paul A. Engelmayer
May 22, 2023
Page 4

                                          Respectfully submitted,

                                          /s/

                                          Joel B. Rudin

cc:    Nikki Kowalski (via ECF)
        Office of the Attorney General